GILDERSLEEVE, J.
This action was brought under the statute to recover compensation for the pecuniary-injuries resulting to the next of kin from the decedent’s death. The decedent was a boy under the age of three-years, and the complaint alleges that his death was caused by the negligence of defendants’ servant. The jury found a verdict for the plaintiff and assessed the damages at six cents. The plaintiff now moves to set aside the verdict as-inadequate.
The value of the decedent’s life, when tested by the affections of his parents and the bitter disappointment his. untimely death brought to them, is inestimable. From that standpoint the next of kin sustained a loss that has-no equivalent in money. There was, however, no evidence from which the jury could estimate the pecuniary injury except the proof that decedent was an infant of the age of two years and nine months and in good health.' It cannot be said that the'poof established, with any degree of certainty, a substantial pecuniary injury. The chances-of continued life, success and ultimate benefit to the next of kin, as deducible from the evidence, was too problematical to require the jury to fix some substantial sum as a pecuniary reward for the injuries. The jury acted within their province. I am reluctant to disturb their verdict for it is not clear, from the evidence, that injustice has been done by the award of only nominal damages.
The motion for a new trial must be denied.
II. Appeal from taxation of costs.
The clerk having taxed costs to plaintiff and allowed all the items-of- a full bill, defendants appealed.
*293 McAdam, J.
The action is by the administrator of Arthur Silberstein to recover $5,000 damages for causing the death of the decedent by negligence (Code, § 1902). The recovery is limited to “ the pecuniary loss," and can in no case exceed $5,000. The jury are to fix the amount. They awarded the plaintiff six cents, and the clerk taxed in his favor a full bill of costs.
The defendant appeals ; claims that costs do not go to the plaintiff, but to the defendant; and bases the contention upon subd. 4 of section 3228 of the Code. Section 3228 provides that “ The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in •either of the following cases.” Neither the first nor •second subdivisions concerns the present action, but subdivision 3 does. That subdivision provides “ An action specified in subdivisions first, third, fourth and fifth of section 2863.” Referring to section 2863, we find that section providing “ Where a justice of the peace cannot take cognizance of a civil action in either of the following cases: I. Where the people of the State are a party ; 2. Where the title to real property comes in question ; and 3. Where the action is brought under section 1902 of this Code.” Referring to section 1902, we find the section which gives administrators power to recover for the negligent killing of an intestate. It follows, therefore, that the plaintiff is entitled to a full bill of costs. The Code expressly provides that neither a district court nor justice of the peace has jurisdiction of a case of this character. The defendant’s contention that subdivision 4 of section 3228 applies to the question herein is untenable. Subdivision 4 provides as follows : “ An action other than one of those specified in the foregoing subdivision of this section in which the complaint demands judgment for a sum of money only. But the plaintiff is not entitled to costs under this subdivision unless he recovers the sum of fifty dollars or more.”
It will be readily seen that this subdivision applies to *294 actions other than those specified in the .foregoing subdivisions i, 2, 3 of the Code (§ 3228).' Section 3 particularly exempts those classes of cases from the consideration of subdivision 4. Subdivision 4 applies to cases other than those specified in the previous subdivisions of that section because subdivision 4 particularly states that plaintiff is not entitled to costs under this subdivision, meaning subdivision 4, unless he recover the sum of fifty dollars or more. It is clear that subdivision 4 does not apply to the present cause of action, which is specially exempted by subdivision 3, followed up by sections 1902 and 2863. These three sections must be read together and considered as one. The defendant’s contention would be correct under subdivision 4 if the cause of action herein was not specially exempted by subdivision 3 of section 3228.
It follows that the taxation must be affirmed.